**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JAY BONANZA BRILEY, | : : : | Civ. Action No. 17-3535 (RMB) |
| Petitioner, | : : |  |
| v. | : : : | **OPINION** |
| MR. ORTIZ, Warden, FCI Fort Dix, | : : : |  |
| Respondent. | : : |  |

**BUMB**, District Judge

Petitioner, Jay Bonanza Briley, presently incarcerated in FCI Fort Dix, in Fort Dix, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, on May 17, 2017, seeking relief in the form of an order directing the BOP to annotate his PSR; remove the Public Safety Factor from his file; and order the BOP to immediately release Petitioner to home confinement under 18 U.S.C. § 3621(b). (Pet., ECF No. 1.) Petitioner has established his financial eligibility for IFP status, and his IFP application (ECF No. 1-1) will be granted. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to 28 U.S.C. § 2241 through Rule 1, scope of the rules, provides, in relevant part:

> The judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

For the reasons discussed below, the Court dismisses the petition.

I. BACKGROUND

This is Petitioner's second attempt to gain early release to home confinement based on an alleged error in his Pre-Sentence Report. ("PSR.") In Civil Action 17-1750(RMB), Petitioner alleged his PSR contained inaccurate medical conclusions, preventing him from removing a Public Safety Factor from his prison records and obtaining a lower security classification that would permit him to seek early release to home confinement. (Briley v. Ortiz, Civ. Action No. 17-1750(RMB) ("Action 1750") (D.N.J.) (Pet., ECF No. 1.)) In Action 1750, this Court held that Briley did not state a cognizable Due Process claim that he was deprived of transfer to a camp. (Action 1750, Opinion, ECF No. 3 at 3.)

In his present petition, Briley states:

> [Under 28 U.S.C.S. 2241, [] pursuant to 18 U.S.C.S. 3621(b), claims the Bureau of Prisons wrongfully executed his sentence by

> using a erred [sic] Presentence Report when determining his designation and transfer during his incarceration, due to his U.S. Probation Officer failing to investigate exculpatory evidence when doing the Plaintiff's Presentencing Investigation.

(Pet., ECF No. 1, ¶1.)

Briley alleges the following facts in support of his petition. Briley sent a subpoena for production of his Pre-sentence Investigation and Pre-sentence Report File to his U.S. Probation Officer ("USPO"), Ms. Smihal. (Id., ¶4.) Upon review of the documents Ms. Smihal produced, Briley concluded that Ms. Smihal failed to investigate exculpatory evidence. (Id., ¶5.) Briley asserts his probation officer should have investigated whether the victim's bodily injuries were due to degenerative diseases, rather than the assault by Briley. (Id., ¶6.) Specifically, Briley's PSR File did not contain an investigation into the third-party Notice of Decision from the U.S. Department of Labor, stating that the victims, who are police officers, failed to provide "Fact of Injury." (Id., ¶7.) Thus, he concludes there was no evidence Briley caused the officers' injuries. (Id.)

This led Briley to file a "BOP 5800.17(11)(c), Challenge to Information in February 2017, seeking a correction in his BOP files based on the alleged error in his PSR. (Id., ¶¶8-9.) Briley's Probation Officer, Ms. Smihal, responded. (Id., ¶12,

Pet., Ex. 5.) Briley states her response was insufficient, and she erred in stating "the medical evidence suggest [sic] with sufficient indicia of reliability that the injuries and impairments that manifested subsequent to the arrest of the Defendant are direct result of being assaulted by the Defendant." (Id., ¶15.)

Therefore, Briley concludes "[t]he USPO failing to investigate the evidence contained in exhibit 2 and 3 caused the Bureau of Prison to wrongfully execute the Plaintiff sentence [sic] by sending him to a low facility at his initial intake into the BOP, instead of the recommended Camp facility that Judge Liam O'Grady specified;" and "[d]ue to the Plaintiff's erred PSR the Bureau of Prison violated 18 U.S.C. 3621 (b)." (Id., ¶¶18, 20.)

II. DISCUSSION

28 U.S.C. § 2241(c)(3) provides "[t]he writ of habeas corpus shall not extend to a prisoner unless—[] He is in custody in violation of the Constitution or laws or treaties of the United States." A petition under § 2241 is the proper vehicle for relief when a judgment in the petitioner's favor affects the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). The failure to make placement and transfer determinations pursuant to 28 U.S.C. § 3621(b) may be challenged under § 2241. See e.g. Woodall v. Federal Bureau of

Prisons, 432 F.3d 235, 238-39 (3d Cir. 2005); Brown v. Warden Fairton, FCI, 617 F. App'x 117, 118 (3d Cir. 2015). "Because the decision to transfer a prisoner pursuant to § 3621(b) is discretionary, the appropriate remedy for [a] § 2241 petition would be 'an order requiring the BOP to consider—in good faith—whether or not [he] should be transferred to a[n RRC]' pursuant to § 3621(b)". Brown, 617 F. App'x at 119 (quoting Woodall, 432 F.3d at 251 ("[T]hat the BOP may assign a prisoner to a CCC does not mean that it must.")).

The only habeas relief available to Briley is an order requiring the BOP to consider whether he should be transferred pursuant to § 3621(b). The Court cannot require the BOP to immediately transfer Briley to home confinement. See Brown v. Hogsten, 214 F. App'x 124, 126-27 (3d Cir. 2007) ("Woodall does not require [the petitioner's] immediate transfer to a CCC to serve the remainder of his sentence.) Additionally, habeas relief is unavailable where a petitioner challenges erroneous assignment of a public safety factor that prevents him from being placed at a minimum security level. Martin v. Nash, 227 F. App'x 148, 150 (3d Cir. 2007). Therefore, Petitioner has not stated a cognizable habeas claim under § 2241.

III. CONCLUSION

For the reasons discussed above, the Court dismisses the petition for a writ of habeas corpus under 28 U.S.C. § 2241.

An appropriate Order follows.

Dated: September 22, 2017

                                          s/Renée Marie Bumb
                                          **Renée Marie Bumb**
                                          **United States District Judge**